**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | |
|---|---|
| WILLIAM RYDELL FISHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:22-cv-00076-AGF |
| ) | |
| ANN L. PRECYTHE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff William Rydell Fisher for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order plaintiff to file an amended complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2).[1] Nevertheless, having reviewed the information contained in the motion, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820

---

[1] In his motion for leave to proceed in forma pauperis, plaintiff refers to an "attached account statement." (Docket No. 2 at 1). The Court, however, has not been able to find a certified inmate account statement among the documents plaintiff submitted.

2

F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a self-represented litigant who is currently incarcerated at the Northeastern Correctional Center (NECC) in Bowling Green, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983, naming Missouri Department of Corrections Director Ann L. Precythe, Warden Daniel Redington, Director of Nursing P. Allen, and Centurion Medical CEO John Doe as defendants. (Docket No. 1 at 1-2, 4). They are all sued in both their official and individual capacities. The complaint contains allegations that defendants have been deliberately indifferent in treating his Hepatitis C.

3

In the "Statement of Claim," plaintiff asserts that while he is presently an inmate at the NECC, he "has been incarcerated at several different prisons during the events described in this complaint." (Docket No. 1 at 5). To begin, he states that in 2007, while he was in the Algoa Correctional Center, a prison doctor denied him treatment for Hepatitis C. In 2010, plaintiff states he again "requested treatment for [Hepatitis] C from [the] prison doctor," but that "[t]reatment was denied." In 2015, he alleges that he "complained of fatigue, migraines, joint pain, rashes over [his] entire body, back pain, numbness in all limbs, shoulder pain and other medical issues related to" Hepatitis C. Plaintiff asserts that he "has filed numerous medical requests and spoke[n] with numerous doctors continuing through the present."

In 2019, plaintiff states that he asked "to see an outside doctor." He "also complained of non-stop continuous pain, numbness, [diarrhea], and permanent injuries as a result of years of untreated liver disease caused by" Hepatitis C. As of the writing of this complaint, plaintiff alleges that he "has been sick for three continuous years with the aforementioned symptoms." (Docket No. 1 at 5-6).

In 2017, while at the Ozark Correctional Center, plaintiff asserts that an unknown sergeant "had to order the medical staff to get an ambulance" for him. (Docket No. 1 at 6). This sergeant also "ordered the nurse on duty to get [him] to the nearest hospital because of plaintiff's excruciating pain." Nevertheless, this nurse allegedly sent plaintiff back to his housing unit twice, even "after plaintiff had declared medical emergencies." The sergeant purportedly stated that plaintiff "will have a lawsuit on this place if he wanted." At some point, plaintiff was taken to the hospital, because he states he was kept there "all day and [given] 3 shots for the pain."

Following the "Statement of Claim," plaintiff has included a document titled "Memorandum of Law in Support of Plaintiff's Motion for the Appointment of Counsel." (Docket

No. 1 at 7). According to this document's "Statement of Facts," defendants have "failed to provide medical care to [him] for a period of around 17 years," and that "at one point, a custody staff person had to order medical to get him to the hospital." While at the hospital, plaintiff asserts that he lost consciousness due to the pain, and that he "has lost count [of] the number of times that he has suffered." (Docket No. 1 at 8).

In this "Memorandum of Law," plaintiff repeats his broad allegations from the "Statement of Claim," asserting that "the defendants" denied him medical care for seventeen years. More particularly, he states that "defendants have refused to send [him] to outside doctors and more advanced and modern equipment and specialists." (Docket No. 1 at 9). Rather than provide specific facts, however, the majority of the document is given over to legal arguments and case citations.

With regard to the "Injuries" section of the complaint, plaintiff refers the Court to Exhibit 3, which he has attached. (Docket No. 1 at 13). In this exhibit, he sets forth a number of conclusory statements regarding defendants. (Docket No. 1 at 14). Specifically, plaintiff accuses "[a]ll defendants" of being on notice since at least 2007 that he had Hepatitis C; that "[a]ll defendants were on notice" about his medical complaints; that "[a]ll defendants knew they had a legal obligation to give [him] medical care"; and that "all defendants failed to take reasonable measures to prevent plaintiff from pain and suffering." Plaintiff asserts that due to defendants' combined actions, he has suffered permanent injury. (Docket No. 1 at 15). He further notes that Director Precythe "is the final authority as to the operation of all correctional institutions in the State of Missouri."

In Exhibit 4, plaintiff sets forth his requested relief. (Docket No. 1 at 17). Particularly, he asks for a declaratory judgment that "the policies, practices, acts, customs, and omissions complained of" violated the Eighth Amendment; an injunction ordering defendants to treat his

5

Hepatitis C "using the most recent treatment," and to arrange for him to be seen by medical specialists outside of prison; and $170,000 in compensatory damages.

Attached to the complaint is an informal resolution request (IRR), an IRR response from Corizon, a grievance response, an offender grievance appeal, and an offender grievance appeal response. (Docket No. 1-2). The Court has reviewed these additional exhibits and will treat them as part of the pleadings.[2]

## Discussion

Plaintiff is a self-represented litigant who has filed a civil action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs. Because he is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court has determined that the complaint is subject to dismissal. The Court, however, will give plaintiff the opportunity to file an amended complaint.

### A. Deficiencies in Complaint

Plaintiff's complaint is deficient and subject to dismissal for four reasons. First, he has not stated official capacity claims against any of the defendants. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). With regard to employees of the State of Missouri, any official capacity claim for money damages is barred by the Eleventh Amendment. *See Andrus ex rel.*

---

[2] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). *See also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (stating that "while ordinarily, only the facts alleged in the complaint are considered in determining whether it states a claim, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint"); and *Pratt v. Corrections Corp. of America*, 124 Fed. App'x. 465, 466 (8th Cir. 2005) (explaining that "the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

*Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment"). Meanwhile, any claim for injunctive relief against the State of Missouri fails because plaintiff has not adequately alleged the state's liability. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims [against a governmental entity] challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Likewise, plaintiff has not stated a claim against Corizon or Centurion. *See Stearns v. Inmate Services Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (explaining that the "proper test" for determining whether a corporation acting under color of state law is liable under 42 U.S.C. § 1983 "is whether there is a policy, custom, or action by those who represent…official policy that inflicts injury actionable under § 1983").

Second, plaintiff has not stated individual capacity claims against any of the four defendants. Liability in a 42 U.S.C. § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). Plaintiff has not presented a single fact demonstrating that any of these defendants had personal responsibility for any constitutional violation during the seventeen years his complaint purports to cover. For instance, with regard to Director Precythe, plaintiff points out that she is in charge of "the operation of all correctional institutions in the State of Missouri." Nonetheless, he presents no facts establishing that Director Precythe would have knowledge of – or responsibility for – the healthcare of a single inmate in one of the several institutions within the Missouri Department of Corrections.

Third, plaintiff's pleadings are almost entirely conclusory. The Court must accept the allegations contained in the complaint as true and make all reasonable inferences in plaintiff's

7

favor. *Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). With that said, "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010). Thus, the Court "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *See Glick v. Western Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019). Here, most of plaintiff's allegations consist of his unsupported assertion that he was denied medical treatment, without any factual enhancement to demonstrate what treatment he requested, and what treatment he required.

Finally, the Court notes that to establish deliberate indifference, plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *See Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). In the complaint, though, it appears that plaintiff is not actually alleging a denial or delay in medical care, but is disputing his course of treatment. More to the point, the exhibits he has attached show that plaintiff *is* receiving treatment, including laboratory testing, routine monitoring, and enrollment in the Hepatitis Chronic Care Clinic. Instead of being denied care, plaintiff disagrees with the type of care he is receiving. Disagreements with treatment decisions, however, do not constitute deliberate indifference. *See Cejvanovic v. Ludwick*, 923 F.3d 503, 507 (8th Cir. 2019) (stating that a "mere disagreement with treatment decisions…does not rise to the level of a constitutional violation"); and *Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1118-19 (8th Cir. 2007) ("A prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation").

For all these reasons, plaintiff's complaint is subject to dismissal under 28 U.S.C. § 1915. Rather than dismissing outright, the Court will give him the opportunity to file an amended complaint according to the instructions set forth below.

**B. Amendment Instructions**

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed.

Plaintiff should put his case number in the appropriate location on the upper right-hand section of the first page. He should then fill out the complaint form in its entirety, and ensure that it is signed.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff may use additional sheets of paper if necessary.

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other.

9

*See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that 42 U.S.C. § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan*

*Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

### C. Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel, and included an extensive argument as to why the motion should be granted. (Docket No. 3). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability

of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Specifically, as set forth above, plaintiff's complaint is subject to dismissal, and he has been ordered to file an amended complaint. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within thirty (30) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint on the Court form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 16th day of February, 2023.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE