# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| WILLIAM RYDELL FISHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:22-cv-00076-AGF |
| | ) |
| ANN L. PRECYTHE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on initial review of plaintiff William Rydell Fisher's amended complaint. For the reasons discussed below, the Court will dismiss plaintiff's claim against the Missouri Department of Corrections. However, the Court will direct the Clerk of Court to issue process on defendants Corizon Healthcare and Centurion Health as to plaintiff's claim of deliberate indifference to his medical needs.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To avoid dismissal, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff is a self-represented litigant who is currently incarcerated at the Western Reception, Diagnostic and Correctional Center in St. Joseph, Missouri.[1] On October 25, 2022, he filed a civil action pursuant to 42 U.S.C. § 1983, naming Missouri Department of Corrections Director Ann L. Precythe, Warden Daniel Redington, Director of Nursing P. Allen, and Centurion

---

[1] At the time he filed the complaint, he was an inmate at the Northeastern Correctional Center (NECC) in Bowling Green, Missouri. Plaintiff has since transferred prisons, and has given the Court notice of his change of address. (Docket No. 7).

2

Medical CEO John Doe as defendants. (Docket No. 1). All were sued in both their official and individual capacities. The complaint contained allegations that defendants have been deliberately indifferent in treating his Hepatitis C. Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis. (Docket No. 2).

On February 16, 2023, the Court granted plaintiff's motion for leave to proceed in forma pauperis, and assessed an initial partial filing fee. (Docket No. 4). Because he was proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, the Court determined that the complaint was deficient and subject to dismissal. Rather than dismissing, however, the Court directed plaintiff to file an amended complaint, and provided instructions to do so. He was advised that the filing of his amended complaint would supersede his original complaint.

The Court received plaintiff's amended complaint on March 13, 2023. (Docket No. 5).

**The Amended Complaint**

Plaintiff brings his amended complaint pursuant to 42 U.S.C. § 1983, naming as defendants the Missouri Department of Corrections, Corizon Healthcare, and Centurion Health. (Docket No. 5 at 1). The amended complaint contains allegations that defendants were deliberately indifferent to his medical needs with regard to treating his Hepatitis C.

In the "Statement of Claim," plaintiff asserts that in 2007, he first requested treatment for Hepatitis C, but that the medical staff at the Algoa Correctional Center refused treatment. (Docket No. 5 at 11). Likewise, in 2010, plaintiff requested Hepatitis C treatment due to his chronic pain. However, he claims that the camp doctor denied him treatment.

In 2015, plaintiff states that he made "multiple requests" for treatment while suffering from "fatigue, migraines, joint pain, rashes covering his body, numbness in limbs, and shoulder pain."

3

In 2017, he asserts that "the staff at [the] Ozark Correctional Center had to order the medical staff to call an ambulance for [him]." By way of explanation, plaintiff states that he twice declared a medical emergency, "but was ignored by the nurse on duty" and "sent back to his housing unit without treatment." He later lost consciousness, leading to a three-day hospitalization.

In 2019, plaintiff states that he asked to see an outside doctor in order to establish a treatment regimen "for body pain, numbness, [diarrhea], and other ailments caused by his untreated Hepatitis C." (Docket No. 5 at 12). The request was denied, and plaintiff alleges that he has continued to suffer to the "present day."

According to plaintiff, all defendants are responsible for his Hepatitis C treatment, because he is "entrusted to their care by the courts." In particular, he states that the Department of Corrections is "responsible for the healthcare of the detention center the plaintiff was ordered to be held at." As to Corizon and Centurion, plaintiff asserts that they "have an obligation to provide healthcare," and also "have specific procedures to follow when an offender asks for help." He claims that "these organizations, via their employees, blatantly ignored their obligations and procedures, resulting in the aforementioned ailments and suffering of the plaintiff." These ailments consist of fatigue, constant migraines, chronic pain, rashes, shoulder pain, numbness in limbs, loss of consciousness, and mental and emotional stress. Plaintiff states that he requires Hepatitis C treatment, "but was denied on multiple occasions after multiple requests."

Attached to the amended complaint are five exhibits, which the Court has reviewed and will treat as part of the pleadings.[2] The first exhibit is a "Notice of Appointment" with Dr. Wudel

---

[2] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). *See also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (stating that "while ordinarily, only the facts alleged in the complaint are considered in determining whether it states a claim, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint"); and *Pratt v. Corrections Corp. of America*, 124 Fed. Appx. 465, 466 (8th Cir. 2005) (explaining that "the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

dated March 2, 2023. (Docket No. 5 at 14). There is a handwritten notation on the notice, which states: "Left kidney growth – could be cyst or tumor – will refer to urology (kidney specialist) for recommendations."

The second exhibit is an offender grievance appeal filed January 18, 2021. (Docket No. 5 at 15). In the appeal, plaintiff states that he is not happy with the response to his informal resolution request (IRR). He further states that he has had Hepatitis C for seventeen-to-nineteen years, but that he has not received the treatment he needs. Plaintiff explains that his symptoms "come and go all the time," and that he feels "sick a lot of [the] time." He notes that he is "in between" levels, so that he does "not meet criteria for Hepatitis treatment at this time," but nevertheless repeats that he has had it for approximately seventeen-to-nineteen years.

The third exhibit is an offender grievance dated November 24, 2020. (Docket No. 5 at 16). In the grievance, plaintiff asserts that he is not happy with the response he received from the "IRR process," because they are going off old medical records. He states that he has had all the symptoms of Hepatitis C for the last five years, and that he had a biopsy of his liver that said his "liver was bad." Based on this, plaintiff asks when he will receive Hepatitis C treatment.

The fourth exhibit is an offender grievance appeal response dated January 27, 2021. (Docket No. 5 at 17). The appeal response acknowledges that plaintiff has a diagnosis of Hepatitis C. However, the appeal response also advises plaintiff that he is not "a medical priority…to receive treatment at this time." In particular, the appeal response states:

> Priority status is determined by the calculations of the APR I score and FIB-4 score, along with the physical exam findings and history of certain other medical conditions. The APR I score is calculated using the AST level in the platelet count. The score is a predictor of cirrhosis. A FIB-4 score is also calculated using your age, AST level, ALT level and platelet count. The FIB-four score helps to estimate the amount of scarring in the liver. You will continue to be monitored in the chronic care clinic on a routine basis; therefore you

5

> may address any further questions that may arise with the provider during these appointments. This monitoring will include a routine comprehensive metabolic panel (CMP), which includes an AST level, ALT level, and 22 other tests. A complete blood count is also considered, particularly with regards to the 933 platelet count.

Based on these findings, the grievance appeal denied plaintiff's appeal, and determined that he was receiving appropriate medical care.

The final exhibit attached to the amended complaint is an IRR response from Corizon dated October 6, 2020. (Docket No. 5 at 18). The response explains that Hepatitis C treatment priorities are set by a committee, and that because plaintiff is not having trouble with his liver, he is not being prioritized.

On July 3, 2023, the Court received two additional exhibits from plaintiff. (Docket No. 8). The first is an IRR dated May 5, 2023, in which plaintiff alleges tampering of his legal mail, and that he was refused medical care from April 26-27, 2023. (Docket No. 8 at 1-2). The second exhibit is a handwritten "email" to plaintiff's sister, in which plaintiff claims that he was denied medical treatment on April 26, 2023. (Docket No. 8-1 at 2).

Based on these facts, plaintiff requests that he be treated for his Hepatitis C. (Docket No. 5 at 13). He also seeks damages in the amount of $12,500,000.

## Discussion

Plaintiff is a self-represented litigant who has filed a civil action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs with regard to the non-treatment of his Hepatitis C. Because he is proceeding in forma pauperis, the Court has reviewed his amended complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss plaintiff's claim against the Missouri Department of Corrections. However, the

Court will direct the Clerk of Court to issue process on defendants Corizon Healthcare and Centurion Health as to plaintiff's claim of deliberate indifference to his medical needs.

### A. Claim Against the Missouri Department of Corrections

Plaintiff has named the Missouri Department of Corrections as a defendant in this action. This claim is treated as being made against the State of Missouri itself, and is barred by sovereign immunity.

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer sovereign immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such

immunity by clear and unmistakable language." *Id*. The second exception is when a state waives its immunity to suit in federal court. *Id*. at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

The first exception does not apply because the Supreme Court has determined that 42 U.S.C. § 1983 – under which this case arises – does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception is likewise inapplicable because the State of Missouri has not waived its immunity in this type of case. *See* RSMo § 537.600 (explaining that sovereign immunity is "in effect," and providing exceptions relating to the "negligent acts or omissions by public employees arising out of the operation of motor vehicles…within the course of their employment," and regarding "[i]njuries caused by the condition of a public entity's property").

In this case, plaintiff has sued the Missouri Department of Corrections under 42 U.S.C. § 1983, alleging that it is responsible for his healthcare. The Department of Corrections is an instrumentality of the State of Missouri, and is protected from suit by sovereign immunity, unless an exception applies. However, as discussed above, there is no indication that either exception to sovereign immunity is present in this action. Therefore, the claim against the Missouri Department of Corrections must be dismissed.

### B. Claims Against Corizon and Centurion

Plaintiff has named both Corizon and Centurion as defendants, accusing them of deliberate indifference to his medical needs. Both of these defendants are private corporations that have been contracted to provide medical services to inmates in the Missouri Department of Corrections.

"A corporation acting under color of state law cannot be liable on a respondeat superior theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against such a corporation, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). *See also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983"); and *Stearns v. Inmate Services Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (explaining that the "proper test" for determining whether a corporation acting under color of state law is liable under 42 U.S.C. § 1983 "is whether there is a policy, custom, or action by those who represent…official policy that inflicts injury actionable under § 1983").

In this case, plaintiff has alleged that he has been diagnosed with Hepatitis C, and has had it for many years. He asserts that his symptoms include fatigue, migraines, chronic pain, rashes, shoulder pain, numbness in limbs, loss of consciousness, and mental and emotional stress. These are symptoms that he suffers to the present day. Plaintiff's allegations and exhibits indicate that Corizon and Centurion have a policy of prioritizing patients who have Hepatitis C according to certain metrics, and that based on this policy he is not receiving treatment. He contends that because he is not receiving treatment under this policy, he is suffering from the above-referenced

9

symptoms. Furthermore, plaintiff's exhibits indicate that due to nontreatment his liver has been damaged.

The Court must "accept the complaint's factual allegations as true and view them in the light most favorable to the plaintiff." *Rinne v. Camden County*, 65 F.4th 378, 383 (8th Cir. 2023). *See also Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019) (explaining that a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the plaintiff). Furthermore, when evaluating whether a self-represented plaintiff has asserted sufficient facts to state a claim, a pro se complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). For these reasons, the Court will direct the Clerk of Court to issue process on defendants Corizon and Centurion for deliberate indifference to plaintiff's medical needs. The Court cautions plaintiff that this is only a preliminary determination based solely on the allegations contained in the amended complaint. This is not a determination of the merits of his claim or potential defenses thereto.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's claim against the Missouri Department of Corrections is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will direct the Clerk of Court to issue process or cause process to issue on defendant Corizon Healthcare and defendant Centurion Health as to plaintiff's claim of deliberate indifference to his medical needs. Defendants Corizon and Centurion shall be served pursuant to the waiver agreements the Court maintains with each respective company.

**IT IS FURTHER ORDERED** that an appeal from this order of partial dismissal would not be taken in good faith.

Dated this 22nd day of September, 2023.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE