**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | |
|---|---|
| WILLIAM RYDELL FISHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 2:22-cv-00076-AGF |
| | ) |
| CORIZON HEALTH CARE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Centurion Health's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(c).[1] Plaintiff has not filed a response to the motion. For the following reasons, the Court will deny Centurion's motion to dismiss.

**Standard of Review**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may assert as a defense the plaintiff's "failure to state a claim upon which relief can be granted." To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility requirement is satisfied when the plaintiff "pleads factual content that allows the court to draw the

---

[1] Centurion titles the motion as a "motion for judgment on the pleadings of defendant Centurion Health for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(c)." Rule 12(c) motions for judgment on the pleadings are filed "[a]fter the pleadings are closed." Centurion has not filed an answer to the complaint, and the pleadings are not closed. Because the pleadings are not closed, the Court will construe Centurion's motion as a motion to dismiss for failure to state a claim under 12(b)(6).

reasonable inference that the defendant is liable for the misconduct alleged." *In re SuperValu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019).

The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). However, "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff has presented "enough facts to state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 570.

When evaluating whether a self-represented plaintiff has asserted sufficient facts to state a claim, a pro se complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). "[I]f the essence of an allegation is discernible...then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

## Background

On September 22, 2023, the Court entered a Memorandum and Order issuing process on defendants Corizon Health Care ("Corizon") and Centurion Health ("Centurion") as to plaintiff's claim of deliberate indifference to his serious medical needs. Corizon has since declared bankruptcy, and plaintiff's claims against this defendant are automatically stayed. *See* ECF No. 20. Because the stay does not apply to non-bankrupt defendants, the Court will address Centurion's motion to dismiss. *See Sav-A-Trip, Inc. v. Belfort*, 164 F.3d 1137, 1139 (8th Cir. 1999).

**The Complaint**

Plaintiff brings his amended complaint pursuant to 42 U.S.C. § 1983 alleging that defendants were deliberately indifferent to his medical needs with regard to treating his Hepatitis C.[2] According to plaintiff, defendants are responsible for his Hepatitis C treatment, because he is "entrusted to their care by the courts." In particular, he states that Centurion "ha[s] an obligation to provide healthcare," and also "ha[s] specific procedures to follow when an offender asks for help." He claims Centurion "via their employees, blatantly ignored their obligations and procedures, resulting in the aforementioned ailments and suffering of the plaintiff." These ailments consist of fatigue, constant migraines, chronic pain, rashes, shoulder pain, numbness in limbs, loss of consciousness, and mental and emotional stress. Plaintiff states that he requires Hepatitis C treatment, "but was denied on multiple occasions after multiple requests."

**Discussion**

Defendant Centurion moves to dismiss plaintiff's complaint for failure to state a claim. Centurion states that it did not take over the contract to provide medical services for the Missouri Department of Corrections (MDOC) until November 2021. Centurion states plaintiff's complaint should be dismissed because plaintiff fails to "make any specific factual allegations related to denials of care after Centurion took over the contract to provide medical services to MDOC."

As the Court previously addressed on its initial review of plaintiff's complaint (ECF No. 12), plaintiff's exhibits indicate that Centurion has a policy of prioritizing treatment of Hepatitis C patients according to certain metrics. Plaintiff's Offender Grievance Appeal Response states that plaintiff's medical care providers determine a priority status among patients suffering from

---

[2] For an in-depth summary of plaintiff's amended complaint and the attached exhibits, see the Court's Memorandum and Order dated September 22, 2023, located at Docket No. 12.

Hepatitis C. In particular, the appeal response states:

> Priority status is determined by the calculations of the APR I score and FIB-4 score, along with the physical exam findings and history of certain other medical conditions. The APR I score is calculated using the AST level in the platelet count. The score is a predictor of cirrhosis. A FIB-4 score is also calculated using your age, AST level, ALT level and platelet count. The FIB-four score helps to estimate the amount of scarring in the liver. You will continue to be monitored in the chronic care clinic on a routine basis; therefore you may address any further questions that may arise with the provider during these appointments.

Plaintiff alleges that because of this policy of prioritizing patients who have Hepatitis C according to these metrics, he is not receiving any treatment.

Plaintiff's last grievance response is dated June 26, 2023 and is written on the letterhead of Centurion and stamped in the bottom margin "CenturionManagedCare.com." ECF No. 11 at 2.[3] Plaintiff complained that from April 26 to April 27, 2023, he called for medical emergencies at 8:20 p.m., 10:25 p.m., 4:10 a.m., and 8:10 a.m. He states he had severe pain in his side and back. ECF No. 11 at 3. He was "on [his] knees crying for help." *Id.* at 4. He states that he witnessed four separate correctional officers and a case worker call medical staff. But medical staff "did not give me treatment or even bother to come to check on me." *Id.* at 3.

Plaintiff's allegations and exhibits indicate that Centurion has a policy of prioritizing patients who have Hepatitis C according to certain metrics, and that based on this policy he is not receiving treatment. His symptoms persist and he sought, but did not receive, emergency medical care from Centurion in April, 2023. Reviewing plaintiff's factual allegations as true and drawing

---

[3]  Plaintiff filed these documents as supplemental exhibits to the complaint. *See* ECF No. 11. "[I'm] giving this evidence to help my case. I'd like to send you this documentation that medical was notified I was having a medical emergency." *Id.* The Court will consider these exhibits in construing the sufficiency of the complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). *See also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

all reasonable inferences in favor of the nonmoving party, the Court finds that plaintiff has stated a plausible claim against Centurion for deliberate indifference to plaintiff's medical needs.

For these reasons, the Court will deny Centurion's motion to dismiss for failure to state a claim pursuant to Federal Rule 12(b)(6).

## Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel (ECF No. 24). The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant Centurion's "motion for judgment on the pleadings of defendant Centurion Health for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(c)," which the Court construes as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule 12(b)(6) is **DENIED**. [ECF No. 21]

**IT IS FURTHER ORDERED** that plaintiff's motion for an extension of time to respond to the motion is **DENIED as moot**. [ECF No. 23]

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED**. [ECF No. 24]

A separate Case Management Order will accompany this Memorandum and Order.


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 11th day of December, 2023.